Jeffrey A. Meyers (State Bar Number 175474)
Jeffrey A. Meyers, Attorney at Law
17221 E. 17th St. Suite F
Santa Ana, CA 92705
(714) 617-5868
jmeyers17law@yahoo.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### (Southern Division – Santa Ana)

| | |
|---|---|
| RUBEN PAUL GONZALES,<br><br>           Plaintiff,<br><br>     v.<br><br>HANA AUTO REPAIR, INC., a California corporation; and DYER SANTA ANA ASSOCIATION, LP, a California limited partnership,<br><br>           Defendants. | Case No.:<br><br>**VIOLATION OF AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12101 et seq.); VIOLATION OF UNRUH CIVIL RIGHTS ACT (Cal. Civ. Code § 51 et seq.)** |

1

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES – ADA/UNRUH CIVIL RIGHTS ACT

## INTRODUCTION

1. This is an action for injunctive relief and damages pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and California's Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this action pursuant to 28 U.S. Code § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S. Code § 12101, et seq.

3. This Court has supplemental jurisdiction over the Unruh Act claim pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events that give rise to this claim occurred in this District.

5. Pursuant to pendant jurisdiction, an attendant and related cause of action arising from the same nucleus of transactions is also brought under California's Unruh Civil Rights Act and the California Disabled Persons Act, which expressly incorporate the Americans with Disabilities Act.

6. Venue is proper in this court pursuant to 28 U.S. Code § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in the district. The property address is stated in Paragraph 9.

## PARTIES

7. Plaintiff is a resident of the State of California and qualifies as a person with a disability as defined by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102(1), and the Unruh Civil Rights Act, California Civil Code § 51 et seq.

8.      Plaintiff is a California resident with physical disabilities that substantially limit one or more major life activities, including walking, standing, and mobility. In 1996, Plaintiff fell from the second floor of a building and sustained a traumatic brain injury, which required surgery and resulted in a six-month hospitalization. The following year, in 1997, Plaintiff was struck by a hit-and-run driver while crossing the street, causing severe injuries to his left knee that necessitated the permanent insertion of metal pins. As a result of these injuries, Plaintiff suffers from paralysis on the left side of his body, experiences significant difficulty walking, and relies on a wheelchair for mobility. Plaintiff does not drive and does not possess a driver's license.

9.      Defendant HANA AUTO REPAIR, INC. is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 230 E. Dyer Road, Suite A, Santa Ana, California.

10.     Defendant DYER SANTA ANA ASSOCIATION, LP is a limited partnership organized under the laws of the State of California. Plaintiff is informed and believes that DYER SANTA ANA ASSOCIATION, LP is the owner and/or lessor of the real property located at 230 E. Dyer Road, Suite A, Santa Ana, California, and is responsible in some capacity for the ADA violations alleged herein.

## FACTUAL ALLEGATIONS

11.     On or about March 2, 2025, Plaintiff visited HANA AUTO REPAIR, INC., located at 230 E. Dyer Road, Suite A, Santa Ana, California, for the purpose of making a purchase. During this visit, Plaintiff encountered architectural barriers that denied him full and equal access, in violation of the Americans with Disabilities Act ("ADA"). Specifically, the facility failed to provide any properly marked and maintained accessible

parking spaces, including van-accessible spaces. In addition, the parking area lacked required signage identifying accessible spaces, as mandated by applicable ADA Accessibility Guidelines.

## CLAIMS FOR RELIEF

(First through Second Causes of Action)

## FIRST CAUSE OF ACTION

**(Violation of the Americans with Disabilities Act – 42 U.S.C. § 12182)**

12. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

13. Defendants own, operate, lease, or control the subject property and are public accommodations within the meaning of the ADA, 42 U.S.C. § 12181(7).

14. Defendants have failed to remove architectural barriers at the subject property, where such removal is readily achievable, in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

14. As a result of Defendants' actions and omissions, Plaintiff was denied full and equal access to the goods, services, facilities, privileges, advantages, or accommodations offered at the property.

## SECOND CAUSE OF ACTION

**(Violation of the Unruh Civil Rights Act – Cal. Civ. Code § 51 et seq.)**

15. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

16. The Unruh Civil Rights Act provides that a violation of the ADA is a per se violation of the Unruh Act.

17. Defendants' failure to comply with the ADA constitutes a violation of the Unruh Civil Rights Act, and Plaintiff suffered difficulty, discomfort, and embarrassment as a result of the unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and award the following relief:

18. A permanent injunction requiring Defendants to remove all accessibility barriers at the subject facility and to bring the facility into full compliance with the Americans with Disabilities Act and applicable California access laws;

19. Statutory damages as provided by the Unruh Civil Rights Act, California Civil Code section 52(a);

20. Reasonable attorney's fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205 and California Civil Code section 52;

21. Such other and further relief as the Court deems just and proper.

Dated:       April 29, 2025

Respectfully submitted,

_____
Jeffrey A. Meyers, Attorney at Law
Attorney for Plaintiff RUBEN PAUL GONZALES